UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA     §
    §
v.     §     CRIMINAL NO. 4:20-CR-295-SDJ
    §
MARLON RANDO LEE (1)     §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marlon Rando Lee's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). (Dkt. #135). Having considered the motion, the record, and the applicable law, the Court concludes that the motion should be denied.

### I. BACKGROUND

On March 28, 2023, Lee was sentenced to a 216-month term of imprisonment with three years of supervised release. (Dkt. #120). He pleaded guilty in open court to conspiracy to commit a Section 924(c) offense, i.e., to use, carry, or possess firearms during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). (Dkt. #120). As part of this conspiracy, Lee and his co-defendant robbed a hair salon and "took money, a cell phone, and wallet from an employee against his will by actual and threatened force, violence, and fear of immediate injury to the employee." (Dkt. #84).

About a year and a half after sentencing, Lee filed this motion for compassionate release, citing prosecutorial misconduct, his health, the death of his grandfather, and his uncle's deteriorating health. (Dkt. #135). Lee requests that the

1

Court reduce his sentence, presumably to time served, and order him released from prison.

## II. LEGAL STANDARD

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(i). The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (per curiam).

Section 3582(c)(1)(A) also imposes exhaustion requirements for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although this requirement is mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920 (2020). And "mandatory but nonjurisdictional procedural filing

2

requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at \*1 (5th Cir. Jan. 5, 2022). Thus, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *Id.*

### III. DISCUSSION

Defendant Lee provides no proof that he exhausted his administrative remedies before filing this motion, which is mandatory. In fact, Lee admits that he did not submit a request for compassionate release to the warden. (Dkt. #135 at 3). Although the requirement may be waived, the Government here "invoke[d] § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief." *McLean*, 2022 WL 44618, at \*1:

> Here, Lee does not show that he exhausted any of his claims, and BOP has no record of him attempting to do so, preventing BOP from accessing the information necessary to investigate the claim. Lee's motion therefore fails at the threshold.

(Dkt. #145 at 5) (internal citations and quotation marks omitted). Because the Government properly challenged Lee's failure to exhaust his administrative remedies before filing this motion, the Court must deny Lee's motion.

### IV. CONCLUSION

It is therefore **ORDERED** that Defendant Marlon Rando Lee's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), (Dkt. #135), is **DENIED**.

**So ORDERED and SIGNED this 6th day of July, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE